## Moore v. Newswanger et al.

*H. R. Fulton*, for plaintiff; *Harold G. Ripple*, for defendant.

LANDIS, P. J., Dec. 31, 1927.—On Aug. 25, 1926, the plaintiff caused a writ of replevin to issue against the defendants for one Peerless touring automo-

bile. He gave his bond, with surety in the sum of $250. The sheriff thereupon served the writ upon the defendants, and, having taken possession of the said automobile, he delivered it to the plaintiff. The defendants gave no counter-bond. On Aug. 31, 1926, the plaintiff filed his statement, and, on Sept. 15, 1926, the defendants filed what they called an "affidavit of defense raising questions the nature of a plea in abatement under the Practice Act of 1915." It is therein asserted that there is no partnership between Harry Newswanger and Jerome R. Rhoads as "The Lime Street Garage," and that they have no interest in the proceeding; that the Lime Street Garage, Incorporated, was in possession of the automobile, and that the company was duly incorporated and was doing business as such. The plaintiff then filed a paper called "plaintiff's reply," but no new facts are developed therein. On Nov. 29, 1927, the plaintiff moved for judgment for want of a sufficient affidavit of defense.

The Practice Act of May 14, 1915, P. L. 483, relates solely to "actions of *assumpsit* and trespass, except actions for libel and slander." It does not control the practice in actions of replevin. In cases of replevin, the Act of April 19, 1901, P. L. 88, applies. The 4th section of this act provides that the plaintiff shall file a declaration verified by oath, and section 5, that the defendant or intervening party shall file an affidavit of defense setting forth the facts denying plaintiff's title and showing his own title, and that, in the event of failure so to do, judgment may be entered for the plaintiff. With like effect, judgment may be entered for want of a sufficient affidavit of defense. Under section 13, the declaration and the affidavit of defense constitute the issues under which, without other pleadings, the question of title shall be determined by a jury, and if any party shall be found to have only a lien, a conditional verdict may be entered, which the court shall enforce in accordance with equitable principles. In Evans *v.* Witman, 40 Lanc. Law Rev. 631, 10 Dist. R. 719, it was lately held by this court that "where a plaintiff gives a bond and causes a writ of replevin to issue against a person having possession by virtue of a claim of lien, and under it the property is given up to him, the question of whether or not the defendant has a lien must be settled by a jury trial, and a judgment for want of a sufficient affidavit of defense cannot be entered."

In Leek *v.* The Livingston Manor Manuf. Co., 6 Lacka. Jurist, 52, it was decided by Judge Newcomb that "the denial of the existence of a partnership between the party who makes an affidavit of defense and other parties joined with him as defendants, coupled with an averment that the contract in the suit was with a corporation, naming it, if true, is a good defense." This case is very similar in its facts to the one we are now considering. If there was no partnership between the parties defendant as the Lime Street Garage, then the plaintiff cannot obtain a verdict against them, even though he has secured possession of the automobile. If the Lime Street Garage is a corporation, he can, by amendment, strike out the names of Newswanger and Rhoads, and, having properly amended his statement, proceed against the corporation. But the defendants, who are sued as *partners* (and who not only deny the partnership but also deny that they are in any way interested in the controversy), have a right to be heard on that question, though they have filed no counter-bond and have asserted no title to the automobile. In any event, however, the plaintiff cannot at this time obtain a judgment for want of a sufficient affidavit of defense. The rule is, therefore, discharged.

Rule discharged.

From George Ross Eshleman, Lancaster Pa.